UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA CAPITAL, LLC as successor in interest to FIDELITY DEPOSIT & DISCOUNT BANK,<br><br>Plaintiff,<br><br>v.<br><br>LEENA SHAH, ANKIM M. SHAH, BHARAT PARJKH, BHUPENDRA PATEL a/k/a BHUPEN PATEL, RITA SHAH, DIVYAKANT PATEL, HARSHAD PATEL, KETUL DESAI, BHARAT SHAH, and RIKESH DESAI,<br>Defendants. | Civil Action No. 2:16-mc-00246 (JLL)<br><br>Honorable Jose L. Linares, U.S.D.J.<br><br>Honorable Joseph A. Dickson, U.S.M.J. |

**SUPPLEMENTAL OBJECTION OF CAPITAL LLC TO DEFENDANT HARSHAD PATEL'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING RESOLUTION OF MOTION FOR STAY IN RELATED PENNSYLVLANIA FEDERAL COURT ACTION**

Plaintiff, Marina Capital, LLC ("Marina"), as successor in interest to Fidelity Deposit & Discount Bank, respectfully files this supplemental objection to the motion to stay execution of the judgment in this action ("Stay Motion") filed by judgment debtor Harshad Patel ("Judgment Debtor") [Docket No. 66]. In response to the virtually identical motion to stay filed by the Judgment Debtor in the related action in the U.S. District Court for the Middle District of Pennsylvania [Civil Case No. 3:16-cv-01617] (the "PA Action"), Marina filed its opposition and a cross-motion pursuant to Pa. R. Civ. P. 3118, Fed. R. Civ. P. 69(a) and Fed. R. Civ. P. 65(d)(2)(C) seeking entry of an Order: (a) enjoining the Judgment Debtor and his wife, Bhagyavati Patel ("B. Patel", and together with the Judgment Debtor, the "Patels"), as a non-party conspirator, from transferring, selling, conveying, encumbering, hypothecating or otherwise diverting assets, except in the ordinary course, pending further order of this Court, (b) compelling the Patels to

1

provide a detailed accounting of (i) all assets and liabilities, (ii) all transfers, conveyances, encumbrances and diversions of assets since the commencement of this action to the date hereof; (c) tolling and preserving all applicable statutes of limitations for the benefit of Marina, pending further order of this Court; and (d) granting Marina such additional and further relief to which it may be entitled (the "Marina R. 3118 Motion"). The Marina R. 3118 Motion, including the Memorandum of Law and the supporting Declaration of Ankim Shah, as filed in the PA Action, are attached hereto as **Exhibit A**, and incorporated herein as if set forth at length.[1]

On January 2, 2018, Marina filed its *Response in Opposition to Defendant Harshad Patel's Motion to Stay Execution of Judgment Pending Resolution of Motion for Stay in Related Pennsylvania Federal Court Action* ("Marina Response") [Docket No. 67].

The Judgment Debtor's Stay Motion is *entirely* reliant on the identical motion he filed in the PA Action and the application of Pennsylvania's Deficiency Judgment Act. *See* Judgment Debtor's Stay Motion at Docket No. 68. However, the law is well settled that Pennsylvania's Deficiency Judgment Act is **completely inapplicable** to enforcement and execution of the judgment in this Court.

I. New Jersey Law not Pennsylvania Law Governs Judgment Execution Under Fed. R. Civ. P. 69(a) – Pennsylvania's Deficiency Judgment Act is not Applicable

Rule 69(a) of the Federal Rules of Procedure plainly states that the procedure "on execution – and in proceedings supplementary to and in aid of judgment or execution – **must accord with the procedure of the state in which the district court is located**..." (emphasis added). The relevant law is that of the state in which the district court is held. *Wright & Miller*, 12 Fed. Prac. & Proc. Civ. § 3012 (2d ed.), citing *Dexia Credit Local v. Rogan*, 629 F. 3d 612 (7th Cir. 2010)

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Marina R. 3118 Motion.

(Illinois law, not Florida law, applied to supplemental proceeding instituted by judgment creditor to locate judgment debtor's assets and satisfy judgment, because the court was located in Illinois).

This need <u>not</u> be the state in which the judgment was originally entered, as federal judgments (like the Judgments here) may by statute be registered in other districts. Once so registered in another district (in this case, New Jersey), the judgment may be enforced there in accordance with the law of that state (New Jersey) as though originally rendered by that court. *Wright & Miller*, supra., citing *RMA Ventures California v. SunAmerica Life Ins. Co.*, 576 F.3d 1070 (10th Cir. 2009) (once a federal district court issues a writ of execution, a judgment creditor must follow the procedure on execution established by the of the state in which the district court sits).

In fact, the Third Circuit has expressly held that matters of attachment, execution and the like are to be determined by the law of the forum, <u>not</u> by the law of the place where the judgment was rendered or where a debt was contracted. *U.S. v. Miller*, 229 F.2d 839 (3d Cir.1956). The practices on execution of a federal court judgment are those that accord with the practice and procedures of the state in which the federal court is held. *U.S. v. Hackett*, 123 F. Supp. 106 (W.D. Mo. 1954).

The laws of the registering court (here, New Jersey) apply to enforcement of registered foreign federal judgments, even when the court rendering the underlying judgment (Pennsylvania) does not allow for similar execution proceedings. "The determinative question is whether the laws of the registering state [New Jersey] allow certain forms of execution." *Wright & Miller*, supra., citing *Condaire, Inc. v. Allied Piping, Inc.*, 286 F. 3d 353 (6th Cir. 2002).

Accordingly, the Judgment Debtor's reliance on Pennsylvania's Deficiency Act is grossly misplaced, and cannot serve as a basis for draconian relief, such as enjoining Marina's entitlement

3

to enforce its judgment, validly registered and enforceable in this Court. New Jersey has no law that mirrors or parallels Pennsylvania's Deficiency Judgment Act. To apply that law to the Judgments registered with and enforceable in this Court would run afoul of Rule 69(a), and the decisions in this Circuit. The relief sought by the Judgment Debtor should <u>not</u> be granted.

  II. <u>The Judgement Debtor Waived the Right to Seek a Stay of Execution</u>

The Guaranty and Surety Agreement with Confession of judgment executed by the Judgment Debtor on September 29, 2008 ("<u>Guaranty</u>") expressly provides that "[Judgment Debtor] **waives the benefit of present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature [in] the entry of judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.**" *See* the Guaranty attached as Exhibit A.

Because the Pennsylvania Deficiency Judgment Act (which would render such waivers unenforceable) is inapplicable to these proceedings, the Judgment Debtor has knowingly waived the right to seek the relief he now requests of this Court. Accordingly, the Stay Motion must be denied.

  III. <u>The Court Has the Equitable Power to Enjoin Judgment Debtor and His Conspirator</u>

Regardless of whether Pennsylvania's R. 3118 is applicable or satisfied by the Marina R. 3118 Motion, this Court has the independent equitable power and evidentiary foundation with which to grant Marina the equitable restraints it seeks. As the District Court held in *Berger v. Weinstein*, 2016 WL 1359459 (E.D. Pa. 2016), even though R. 3118 did not permit the court to set aside certain fraudulent conveyances made by the judgment debtor to his conspirator (the rule is

4

intended to merely preserve the *status quo*), the court ruled that "…the Court's equitable powers extend beyond that which may be permissible under the Pennsylvania Rules of Civil Procedure." The Court ultimately held that its "equitable powers allow it to grant injunctive relief." *Id.* The District Court did so because "[t]he evidence before the Court presents an egregious example of a judgment debtor purposefully structuring his financial dealings to avoid a significant judgment against him." *Id.* citing *Tennenbaum Capital Partners, LLC v. Kennedy*, Civ. A. No. 09-194, 2012 WL 748256 (nothing that the court's general equity powers allow it to issue an injunction to protect a plaintiff from a dissolution of assets from which a judgment can be satisfied).

Such is the case here – a judgment debtor whose assets have been purposefully depleted by more than $13 million, where he now professes to have a "negative" net worth. *See* Shah Declaration at ¶ 13. There could be no more appropriate exercise of the Court's equitable powers and authority than to restrain Judgment Debtor Patel and his wife, B. Patel from continuing to purposefully deplete their assets available for execution.

IV. <u>Conclusion</u>

Marina respectfully requests entry of an Order (1) denying the Judgment Debtor's Stay Motion (in Pennsylvania, Marina will comply with the Deficiency Judgment Act); (2) pursuant to Pa. R. Civ. P. 3118, Fed. R. Civ. P. 69(a) and Fed. R. Civ. P. 65(d)(2)(C): (a) enjoining Patel and his wife, B. Patel, as a non-party conspirator, from transferring, selling, conveying, encumbering, hypothecating or otherwise diverting assets, except in the ordinary course, pending further order of this Court, and (b) compelling the Patels to provide a detailed accounting of (i) all assets and liabilities, and (ii) all transfers, conveyances, encumbrances and diversions of assets since the commencement of this action to the date hereof; (3) tolling and preserving all applicable statutes

of limitations for the benefit of Marina, pending further order of this Court; and (4) granting Marina such additional and further relief to which it may be entitled.

Dated: January 16, 2018
      New York, NY

                              SCHIFF HARDIN, LLP
                              *Attorneys for Plaintiff, Marina Capital, LLC*

                    By: */s/Louis DeLucia*
                        Louis T. DeLucia
                        666 Fifth Avenue
                        Floor 17
                        New York, NY 10103
                        T. (212) 745-0853
                        F. (212) 753-5044
                        ldelucia@schiffhardin.com

# EXHIBIT A

# GUARANTY

## GUARANTY AND SURETYSHIP AGREEMENT
## WITH CONFESSION OF JUDGMENT

This Guaranty and Suretyship Agreement ("Guaranty") is given by **HARSHAD PATEL,** (the "Surety") _____ to **THE FIDELITY DEPOSIT & DISCOUNT BANK** (the "Bank"), with offices at Blakely and Drinker Streets, Dunmore, Pennsylvania 18512:

### WITNESSETH:

For Value Received, the Surety absolutely and unconditionally guarantees and becomes Surety for all the obligations of CLARKS SUMMIT HOSPITALITY LLC (the "Borrower"), to Bank with respect to the payment of all sums of every nature and kind now and at any time hereafter due and owing to Bank with respect to the Loan Agreement between Borrower and Bank, as evidenced by a Promissory Note in the face amount of $5,148,000.00, dated September ____, 2008 in the manner provided in the documents evidencing and securing the same, and all replacements and renewals thereof at any time hereafter delivered to Bank (the "Loan Documents"), with interest at the applicable rate(s) therein specified, as well as all sums advanced or expended by Bank for the collection thereof, for the protection of any and all collateral held by Bank as security therefore, and for all other purposes authorized by the Loan Documents (including all legal fees, attorney's commissions, and legal expenses and costs), at any time hereafter due and owing to Bank under the provisions of the Loan Documents, with interest thereon from the date of advance or expenditure to the date of payment at the applicable rate therein specified (collectively, the "Indebtedness") whether at maturity or by declaration, acceleration, or otherwise.

The obligations of the Surety are joint and several with other Guarantors and Sureties.

Surety hereby acknowledges that it has received copies of the Loan Documents and has carefully examined the same, and that it has executed this Guaranty with full knowledge of the nature and extent of the Indebtedness hereby guaranteed.

Surety hereby waives presentment for payment, notice of nonpayment, demand and protest and agrees that its obligations under this Guaranty are absolute and unconditional and shall not be affected by any release or discharge of the Borrower; by any renewal or extensions of time of payment of the Indebtedness; by any compromise with or indulgence granted to the Borrower; by any modification in the terms of the Indebtedness; by any substitution or release of collateral; or by any other matter or thing whatsoever whereby the Sureties as the absolute and unconditional guarantors of and sureties for the Indebtedness, would or might be deemed released or discharged.

In the event the Borrower at any time fails to pay the Indebtedness in the manner provided in the Loan Documents, the Surety agrees to pay the same directly to Bank on demand. The obligations of the Surety hereunder shall be directly enforceable by Bank without prior action of any nature against the Borrower, or any other person or entity, and without any obligation on the part of Bank to exercise remedies against any collateral for the Indebtedness held by Bank. The said obligations are continuing, absolute, and unconditional irrespective of the genuiness, validity or enforceability of the Loan Documents, or any of them, or of any other circumstance which might otherwise constitute a legal or equitable discharge of a guarantor or Sureties, and shall remain in full force and effect as long as any portion of the Indebtedness

remains outstanding and unpaid. The Surety shall pay, in addition to all other sums payable hereunder, the reasonable costs and expenses incurred by Bank in connection with all actions taken to enforce collection of the Indebtedness from the Surety upon default by the Borrower, whether by legal proceedings or otherwise, including, without limitation, costs of suit and an attorney's commission, as hereinafter provided.

IF THE SURETY FAILS TO PAY THE INDEBTEDNESS ON DEMAND, AS HEREIN PROVIDED, THE SURETY HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA TO APPEAR FOR SURETY AND CONFESS JUDGMENT IN FAVOR OF THE BANK AND AGAINST SURETY IN THE COURT OF COMMON PLEAS OF PIKE COUNTY OR IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA FOR THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING TO THE BANK, WITH INTEREST AT THE RATE SPECIFIED, AS WELL AS COSTS OF SUIT AND AN ATTORNEY'S COMMISSION FOR COLLECTION OF FIFTEEN PERCENT (15%) OF THE TOTAL PRINCIPAL AMOUNT THEN DUE AND OWING, WITH RELEASE OF ALL PROCEDURAL ERRORS. THE SURETY HEREBY JOINTLY AND SEVERALLY AGREES THAT THE DEATH OF ONE OR MORE OF THEM SHALL NOT BE DEEMED TO TERMINATE THE AUTHORITY TO CONFESS JUDGMENT HEREBY GRANTED, AND THAT THE BANK MAY CAUSE JUDGMENT TO BE ENTERED IN SUCH EVENT AGAINST THE PERSONAL REPRESENTATIVE OF THE ESTATE OF A DECEASED SURETY AND/OR AGAINST THE SURVIVING SURETY AT THE OPTION OF THE BANK. THE AUTHORITY TO CONFESS JUDGMENT HEREIN GRANTED SHALL NOT BE EXHAUSTED BY ANY ONE EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE TOTAL AMOUNT DUE THE BANK AND THE ENTRY OF JUDGMENT ON THIS AGREEMENT OF GUARANTY AND SURETYSHIP SHALL NOT BE DEEMED TO LIMIT OR RESTRICT THE RIGHT OF THE BANK TO COLLECT INTEREST ON THE TOTAL PRINCIPAL AMOUNT DUE AND OWING AT THE RATE SPECIFIED IN THE LOAN DOCUMENTS UNTIL THE SAME IS PAID IN FULL

Surety hereby waives the benefit of any present or future laws and rules of procedure that authorize stay of execution on any judgment entered on this Guaranty and all exemptions of property from levy and sale thereunder, and also hereby waives any and all errors, defects, or imperfection whatsoever of a procedural nature n the entry of any judgment, or the transfer of the same to any other county or jurisdiction, or in any process or proceedings to enforce the same.

Sureties waive notice of acceptance of the Guaranty by Bank.

All notices to and demands on the Surety shall be in writing and effective when received, after having been sent to the Surety by registered or certified United States mail, return receipt requested and postage prepaid. addressed to the Surety at the address stated in the introductory portion of this Guaranty, and the Surety hereby agrees that no change in the above address shall be effective as to Bank unless the change of address is incorporated into a written supplement to this Guaranty signed by Bank and the Surety.

This Guaranty shall constitute a contract of Suretyship under the laws of the Commonwealth of Pennsylvania, and for all purposes shall be construed in accordance with said laws.

All the foregoing agreements and obligations including, without limitation, the foregoing warrant of attorney to confess judgment, shall bind the Surety, its successors and assigns, and shall inure to the benefit of Bank, its successors and assigns.

In Witness Whereof, Surety has executed this Guaranty this 29th day of September, 2008.

_____(SEAL)
HARSHAD PATEL